We'll call our first case United States v. Gussie. Ms. Dowling. Good morning, Judge. You may proceed. Thank you. My name is Renee Dowling. I'm a counsel for Jacinta A. Gussie. I would like to reserve five minutes for rebuttal. That's done. Thanks. Thank you. Go ahead. Your Honor in this matter we're here because an indictment was handed down on September 15 2016, excuse me, September 15. Yes, 2016, as against the defendant, the appellant Jacinta Gussie and nine other co defendants. Your Honor after the indictment was handed down. Between the months of January 2017 and July 2017. The government knew that sitting on the grand jury of September 15 2016 was a named victim, a victim who was named in the indictment, the very indictment that she voted to a true bill for the government government learned of this fact, between, according to the government January 2017, and July, 2017 and during that time, we're well familiar with the facts this down and we've, we've taken a look at those. Let's, let's get right into some questions with you if that's okay. As, as I understand it, you, you're making a statute of limitations argument as well as your specific constitutional arguments. Yes. Do you agree or disagree that if the superseding indictment in this case because there was a later indictment by a grand jury that didn't have the victim on it, if that superseding indictment is not time barred. Then, then there's not a basis for complaint associated with the initial problematic grand jury set set a fair statement. I'm setting aside your prosecutorial misconduct argument. If your honor I would say that that is a fair statement, if it is not time barred However, the defendant clearly argues that it is, in fact, time barred. Yeah, I understand that that's your position. So, work with me then, with respect to your reasoning for why you believe it's time barred, it goes back to the idea that there's a defect in the first indictment that made that indictment void ab initio right from the So, if we thought that there was a problem with it but it wasn't void. Then there would be a relation back right. Correct. Okay, so work with us to explain why, from your perspective, the defect in that indictment is analogous to things we've said in the past. render an indictment, basically, void, I think, in cases where there's racial or gender discrimination in the grand jury makeup we may have said that but I'm not aware of it happening in any other circumstance. Okay. How is it that that this problem is, is akin to those circumstances where in the past we've said. It's as if there were no indictment at all. Your Honor. The problem here, I believe, stems from the fact that the Fifth Amendment guarantees a right to a grand jury to an indictment by a grand jury. The grand jury Your Honor is presumed in the, in the Fifth Amendment that the grand jury that you're going to have the right to appear before or have your crimes chart, come up before should be an unbiased grand jury. Your Honor, of course, this is a case of first impression and I can understand that the court has some issue with grappling with the matter, but it's akin to that because if you, if we are to let a victim, who is the victim named in the grand jury not not just a potential victim out there, but a victim whose name appeared in the grand jury indictment and allow that victim to then determine whether or not counsel but we didn't I mean I think the government didn't, I understand that that would I, I didn't agree that if the government cured because the government hasn't cured the government. The statute in this instance, the crimes, and the last overt act in the series of crimes and 119 count indictment occurred on or about was alleged to have occurred on or about May 30 2012. The first indictment was handed down September 6 15 2016. The superseding indictment did not occur until October 5 of 2018 way beyond the statute of limitations. Okay, so your point isn't the substantive grand jury right it's that the indictment wasn't validly pending. When it was in paneled with a witness. So, so what is the authority for why that defect and defected clearly was rendered the indictment not Valley validly pending as a procedural matter because my understanding is is that that's what we've said is the we're left to argue the substantive point but as we said the substantive point appears to be cured with the superseding indictment so so why was the indictment not validly pending during time. Well, Your Honor, it's a situation in which the grand jury proceedings as you know don't include neither the judges nor defense lawyers. So the only person who had knowledge of this defect with regards to the grand jury is the government, the government understands that I'm sorry to interrupt Miss Valley but we had some limited time here so I don't think we're getting to the, to the question that's being put to you, which is your, your fundamental point on both the substantive constitutional issues and the statute of limitations if I understand it comes down to this was no grand jury at all, because it had the victim on it, and therefore, anything it did could not constitute an indictment. Am I right about that that that's the fundamental point. Yes, Your Honor, but in addition, what we're, what we're, the problem, fundamentally that this court should have with what took place in just in the guzzies matter is that the government is the only one with the knowledge the government sat on that knowledge had the defense known about the data. That's a, that's your prosecutorial misconduct argument. And I'm trying to set that aside for a minute and just focus on your assertion that there was no validly pending indictment because this was no grand jury at all because it was tainted with the victim being on it. I think you've agreed that that's your argument right right. Okay, then you got to explain to us how we get around Alexander, which actually deals with this very grand jury it's not an analogous grand jury. It's our own case from last year 2021. It deals with one of Miss gussies co defendants, it was this very grand jury. And in a precedential opinion, a panel of this court said the grand jury defect Alexander challenges and we could just take the word Alexander out goes to the legal propriety of the original indictment, and it's not so fundamental that it caused the grand jury no longer to be a grand jury or the indictment no longer to be an indictment. That's a binding statement of a panel who looked at this very grand jury and the very problem you're talking about and said, it's not, it is a defect it's not that it what the government did was good. It's a problem, but it was not a problem of the character as to vitiate the grand jury status as a grand jury, or to make the indictment void ab initio. So, how could we get around that language from Alexander which seems to go straight to the heart of your argument. Your Honor, I understand that Alexander was decided on the basis of the fact that it was an interlocutory basically a civil procedure interlocutory appeal versus the matter that the issue had not been right for for determination. Yeah, there was a jurisdictional element, but this statement of Alexander is going straight to this issue isn't it. This is the statement I quoted. Yes, it's going straight to the issue that you're the statement that you quoted john. Okay. Okay. Well, is there, is there anything else that you want to say because we're, we're at your mark your 10 minute mark you've got five minutes reserved for rebuttal but I'll let you wrap up unless Judge Roth or Judge maybe anything from either of you before we give Miss Dowling a chance to make any close on this. I have nothing further. Okay, Miss Daly anything you want to say before we hand the ball off to Mr sleeper. Yes, Your Honor, Your Honor, the right, the appellants right is so fundamental Your Honor that the egregious actions should in fact vitiate the, the impounding of the initial grand jury, the initial grand jury Your Honor, was not a grand jury at all. We're not a victim sitting on the grand jury. Okay, we have your position. Thanks very much. We'll have you back on rebuttal Mr sleeper. Your argument. Good morning, Your Honor Adam sleeper for the United States may it please the court. I'm going to direct my comments initially to the statute of limitations issue since that appears to be the court's focus. First direct. Can you first fill out the record a bit what what took the government so long between discovering the error and notifying the defendant. Regretfully, Your Honor, I am limited to the record on this the USA at the time is no longer with the office I'm not the USA, who handled this below I know that's not the answer that judges like to hear, but I'm not particularly because this argument has been pending for some time I would have assumed that that would have been a question your office would be prepared to answer but if you're not then fine, continue with your argument. Yes, Your Honor, I am limited to the statements in that. Good. Why don't you go ahead and make them now. Anyway, what possible reason is there for sitting on this information for months and months and months, leaving aside the stupendous oversight, I mean I don't even it's hard to find a polite way to frame it of, of seating. Somebody on the grand jury, who's named as a victim in interviews with investigating agents. Yes, Your Honor. Is this a question directed to the record or would you like me to answer that with something outside the record at this point, you answer it any way you like, we just are wondering how we can deal with this. I mean, is there. We got a situation where, leaving aside the indictment issue, your, your opponent has said there's prosecutorial misconduct here and there should be a consequence for it. So we're looking for an answer to that. Your Honor, and to be clear this is outside the record in my experience before the grand jury, I don't have a list of the names of the grand jurors that are before the grand jury that I compare against, that's not something I generally have. I can speculate that the USA in this matter may also have not had a list to compare against but that again that's pure speculation and based on my own experience before the grand jury. Now, as to what occurred in those, in those intervening months. I think there's there's a few things and that the court can look to in the affidavit. One. It doesn't appear that the USA thought this was a constitutional issue that needed to be corrected upon immediate review. Now, certainly I think there's there's this court in the district court have taken a different position in sort of certainly held in this case of the district court. But I think part of that was the issue I think the other issue is that there were weighing. Well, let's let's interrupt you just enough to assist. We, we may well agree and indeed an earlier panel did agree with you that didn't look like there was a constitutional violation here. But the fact that it's not a constitutional violation. Does that mean that it, it was an exercise of sound judgment or, or maybe an exercise of judgment so so bad as to con constitute misconduct to not bring to the attention of the court and the defense that there was a defect in the indictment. Actually, I gotta just stop and ask this preliminary question. You're not taking the position are you that there's no defect in that original indictment are you know your honor at this point we are not taking that position, but but I, but we're talking about the good and bad faith of the prosecutor below. Now, at the time, the prosecutor didn't appears to have not believed there was a defect was also weighing considerations regarding grand jury disclosure rules, among other things. And there actually hasn't even been a determination by any court, though this certainly isn't an issue that the court needs to resolve here that this information did need to be turned over the district court ultimately didn't resolve that issue. Are you Wow. Are you are you asking us to go into that. No, Your Honor, I am not asking I'm simply going to what was going through the prosecutors mind at the time. And whether or not this is, and again Your Honor we're not taking the position that everything the prosecutor did in this case was the way it should have been done the way it ideally should have been done. What we are saying is at most this rises to negligence, rather than recklessness. Well, here's just a suggestion for you. I think it would be in the interest of the Department of Justice and the US Attorney's Office for the District of the Virgin Islands to just simply own up to this and say, we should have done this sooner, we should have done it. Instead of saying, you know, at most this is negligent. This is, it's just not helpful. It's not helpful to own your own mistakes, own it, and then people can move past it. But when the government sort of plays this game of, you know, at worst it's negligence. When you're sitting on information which everybody acknowledges makes the grand jury's actions defective. I don't get it. I don't get it now maybe we're burning time on something we shouldn't but there's a prosecutorial misconduct argument in this case. And, and I take it the government is just trying to say, you know, nothing to see here, but it looks like there's something to see here and the government ought to deal with it. A few things on that. First of all, we've, we were not saying nothing to say here I think that we are certainly willing to agree that this was not handled in the way it should have been handled. I think even the AUSA below admitted that at the hearing before the district judge. I believe he said that this should have been handled more expeditiously. This is not a case where the government has said that everything was fine as to how this was handled and this is you know a textbook way to do it. So so I certainly note the court's concerns. But I would also say that's not has not been the government's position that this was handled in the ideal way, or this is how we would handle it in the future and certainly there won't be a future with this issue. So I just got cleared. All right, well, unless my colleagues want to pursue the misconduct thing further. Why don't you go ahead to the substance of the argument and the assertion that your colleague on the other side has made that the, the defect here is absolutely fundamental, and such that it can't be overlooked, it can't be treated as some kind of a minor defect that doesn't go to the existence of the argument. Yes, Your Honor, a few points on that. First, we don't believe that the avoidable question is actually the right question for the relation back issue in the government's view, the relation back turns on whether there's a court decision, either dismissing the first, the initial indictment, or a court decision, somehow holding without dismissing that the government cannot proceed on the initial indictment. I'm not really, what would be, what would that be your argument if assume for the sake of discussion that the government and impaneled. And there was evidence of deliberate racial discrimination in the impaneling of the grand jury all people of African descent were off, it was a lily white grand jury, and it was done deliberately with the government's position be that unless unless a court had rendered a decision. The grand jury was still a validly constituted grand jury, and that its actions were not the way to have an issue. Well, we, the question as to whether that's void or not, we think it is a little bit different. The question as to whether it was validly pending. I think we would take the position that it was validly pending until there was a court decision, indicating it wasn't now, if, if I thought, I thought we had decisions from the US Supreme Court that indicated that in an instance, like that, there wasn't a grand jury at all to speak of the actions would not would be in fact void, and that you didn't need any. You didn't need anybody to say it. It was a function of the structural defect that existed. My wrong about that. Your Honor, I think it's it's been held to be structural error, and you don't need to show that it was harmful. I think it's a little bit of a different inquiry into whether or not it was validly pending for purposes of the, you know, Grady and Friedman. And I think and. But certainly, you know, then you also, you know, on the question of the void verse voidable and that shifting gears a little bit there, then you're starting to have an error that more closely approximates the type of error that the Supreme Court has held is void. The sort of failure to swear the grand jury. You know, a grand jury sitting without authority, you're starting to resemble that you're starting to see that sort of more systemic issue. So on the void verse voidable you are starting to look at more of a void issue. I don't believe that the Supreme Court said void. I know they said. What I'm a little curious. I'm not sure what you're pushing back on this you win. Don't you, if we adopt what Alexander said. We do, Your Honor, but I also don't want a decision from this court necessarily saying it turns on void verse voidable. So I agree that in this case that we win. You know, if the court wants to assume that the test were void verse voidable. I do agree that that we show have shown here that the indictment was not void. Well, that's the that's the test that Alexander applied isn't it Alexander looked at this issue, this issue, and the way it framed that the panel there frame that in terms of this is not so fundamental as to have caused the grand jury to no longer be a grand jury. Well, Your Honor respectfully it was it was the same issue but in a, but as applied to a different. The issue there was whether or not this was a right not to be tried for purposes of interlocutory appeal. So for that inquiry they had to determine whether or not it was void or not. And but we're saying here, it's a question of whether it was validly pending and we don't think the question of validly pending turns on void or not. We think if it's void or voidable until there's a decision from the court, it's still validly pending. Now, even if the court holds that a First indictment is validly pending, unless it is void, or if voidable there's a decision from the court, we still win, because this is not a void indictment. Yeah, I'm, I'm, maybe my colleagues have a different take on this or want to take this in a different direction, but I'm just pressing you a little bit on it because I'm not sure why it matters to you. I mean, we have, we have a decision of this court, which is quite arguably dispositive on the issue. We've, we said in Alexander. This is not so fundamental a defect as to make the indictment no longer an indictment. It's not that. Well, why aren't you happy just to take that to the bank and say, hey, you don't have to do anything here, this court already decided this, this case is over before it starts. See Alexander. Why aren't you delighted at that. And why are you trying to get us to decide this on a different basis. Your Honor, I am delighted by that and I will certainly take that holding from the court what I what I, the government is concerned about is that if the government does not push back on that test. We are going to see a decision from this court, saying that if a decision were void, it would not be validly pending undergrading now that's not necessarily that's not an issue that you need to raise here, because it's not an issue an argument that was made by the defendant, but I'm simply making this argument to make it clear that the government doesn't concede that issue, but even under the test advanced by the defendant. We win under the holding in Alexander, that this is not the type of decision, or that this is not the type of error that would render the indictment void. So the government's position and you would prefer a decision that said, even a, even an action by the grand jury, which is so defective as to constitute no decision at all to be void is still a validly pending indictment, unless and until their support decision, that's how you'd like us to decide this. No, Your Honor, our preferred decision would be the defendant has raised one argument as to whether as to why the initial indictment was not validly pending, and that is that the indictment is void, assuming that that is the test. And, you know, assuming in because the defendant has waived any other argument for why the initial indictment was not validly pending, we will apply that test and applying that test. The indictment here is not void. Okay, it wouldn't be. I mean maybe I may miss the same question Jordan is asking, but if the error were structural assume hypothetically you had a structural error with it with the indictment have been pending despite the structural errors. Yes, Your Honor, I would believe so I don't think structural error. That makes the indictment void I'm not aware of any holding to that effect. Okay, Judge Roth anything from you. I have nothing for. Judge made. Okay, well thanks for your argument Mr sleeper, Miss Dowling. We'll hear your rebuttal. Your Honor. I believe the government is saying that unless the court decides an indictment is validly pending. And I believe that the defendant of course rejects that argument, as well as the defendant rejects the argument that this is not a fundamental defect, and it's not structural with regards to what happened in the grand jury. The Fifth Amendment guarantees a defendant the right to be charged by a grand jury that grand jury must also be impartial unbiased. If the grand jury is going to sit and include a victim on the grand jury. With regards to a victim of the crimes that are being presented to the grand jury, then that that is structurally and fundamentally unfair. It violates the defendant's constitutional rights to be tried charged by a grand jury, and that goes to the integrity of the grand jury process. It's not it and they cannot, we cannot have a ruling that this was an unbiased grand jury, and everybody I think is in agreement that the original grand jury was tainted, and that there is a defect in that original indictment so that the problem we're wrestling with Miss Dowling is not the one you're pointing out, because you're 100% right about that, that, that there's a tank there. And that it. And that what happened. Couldn't be tolerated as a matter of procedure to go forward but that isn't where the story ends, there was a superseding indictment with the grand jury that everybody concedes didn't have that taint. And so the, the challenge we're faced with, and that you need to answer is, why isn't that good enough, why isn't it good enough that Miss Gussie was in fact indicted by a grand jury that did not labor under that taint. Yeah, that is not good. That is not good enough because remember that Miss Gussie could not even challenge that or bring up the defected it today to the indictment process, because first of all she's not privy to that process and secondly the government sat on the information and never, never told the government's indictment that came the superseding indictment came well beyond the statute of limitations period. And more than the delay from the time the government new to the time the government superseded the indictment is inexcusable delay. Okay, well there's at least two arguments in there. One of them is that there, you're past the statute of limitations but that assumes the answer we're trying to get at which is whether that original diamond was so bad and so defective that it was no indictment at all, because if the answer to that question is no, there was a validly pending indictment and it relates back so there's not a statute of limitations problem. Right. But then you've mixed in there the prosecutorial misconduct piece. No, you're not. I'm saying right off sorry, excuse me, I'm saying right off the bat, that not having an impartial grand jury is a structural defect. It's not just a mere taint a grant the right the right to grand jury to be presented your crimes presented is a constitutional right guaranteed by the Fifth Amendment. Sure, but, but what, why is it a structural error, I understand your, your point but but why, why does the fact that there was a victim on the grand jury make it a structural error as the court has defined that term. It's a structural error because that there, there is no integrity in the process. If a victim of a crime is going to be voting on whether or not to indict the defendant for the same particular crime. There's no integrity in the process there's no unbiased, the appellants right to be presented by an unbiased grand jury is is deprived. When there's a victim of the same crime being voted upon. And that is structural that goes to the integrity of the grand jury process to the fundamental right that you have to a grand jury that challenges that and that process. Basically, it literates the process the process the process is no process, when you're going to have the victim voting to decide whether or not you should be indicted. There's no process. It just totally destroys the process there's no integrity in the process. All right. I think we, we understand your argument let me ask Judge Roth if she has anything further. I have nothing further. Judge maybe. Okay, then we thank you Miss Dowling for your argument on behalf of Miss Gussie we thank you Mr sleeper for your argument on behalf of the government we've got the matter under advisement, and we'll get a decision to you.